BACON ET AL., PUBLIC SERVICE COMMISSION
OF THE STATE OF VERMONT, *v.* RUTLAND
RAILROAD COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF VERMONT.

No. 760. Argued January 9, 1914.—Decided January 19, 1914.

Although the state statute may permit an appeal from an order of the
state railroad commission to the Supreme Court of the State, if
legislative powers have not been conferred upon that court, a rail-

road corporation is not obliged to take such an appeal in order to obtain relief from an order that violates the Federal Constitution. It may assert its rights at once in the Federal courts.

The constitution of Vermont does not confer legislative powers on the courts of that State, and the appeal given by §§ 4599 and 4600, Pub. Stat. of 1909, from orders of the state railroad commission to the Supreme Court is a purely judicial remedy.

*Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, distinguished, as the Supreme Court of Virginia possesses legislative powers enabling it not only to review the state railroad commission but to substitute such order as in its opinion the commission should have made.

THE facts, which involve the validity of an order concerning a passenger station made by the Public Service Commission of Vermont, are stated in the opinion.

*Mr. Frederic, D. McKenney,* with whom *Mr. John Spalding Flannery, Mr. William Hitz,* and *Mr. Robert C. Bacon* were on the brief, for appellants:

Without differentiating in the constitutional sense between the powers and duties of administrative bodies engaged in the regulation of common carriers, when establishing a tariff of rates for the future, and when condemning in the interest of the public safety and convenience existing facilities and requiring the installation of improved or additional accommodation, the principles expounded in *Prentis* v. *Atlantic Coast Line*, 211 U. S. 210, are not only applicable to, but should control the disposition of, this case.

As in that case, so in this, the order complained of confiscates complainant's property and infringes the Fourteenth Amendment.

In Vermont the Public Service Commission is established and its powers are defined at length by the public statutes of the State, while in Virginia the State Corporation Commission was established and its powers are defined by the constitution of the State. Both Commissions are "courts" within the meaning of Rev. Stat., § 720,

—but whether in the commonly accepted sense of that word does not matter.

The statutory powers of the Vermont Commission with respect to the establishment and maintenance by railroad companies doing business in that State of public transportation service facilities and conveniences, are at least equal to those conferred upon the Virginia Commission.

When a State by appropriate legislation sees fit to unite legislative and judicial powers in a single hand, there is nothing to hinder so far as the Constitution of the United States is concerned, and it is unnecessary in the present case to determine whether the appellants here when making the order complained of by the appellee were exercising legislative or judicial powers.

In this case, as in the *Prentis Case*, the aggrieved party was possessed of the uncontradicted and undeniable right of appeal and in the instant case, as was there ruled, that right should have been availed of by the aggrieved corporation so as to make it absolutely certain that the officials of the State would try to establish and enforce an unconstitutional rule before resort was had to the Federal District Court to tie the hands and cripple the powers of the State Commission.

*Mr. Edwin W. Lawrence* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in Equity brought by the appellee, the Railroad Company, to restrain the Public Service Commission of Vermont from enforcing an order concerning a passenger station of the Company at Vergennes. The order is alleged to violate the Fourteenth Amendment. The Commission moved to dismiss the bill on the ground that until the appellee had taken the appeal from the order to the Supreme Court of the State that is provided

for by Pub. Stat. Vt. 1906, §§ 4599, 4600, it ought not to be heard to complain elsewhere. The motion was overruled and the defendants not desiring to plead an injunction was issued as prayed.

The defendants rely upon *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, 229, 230. The ground of that decision was that by the state constitution an appeal to the Supreme Court of Appeals from an order of the State Corporation Commission fixing rates was granted, with power to the court to substitute such order as in its opinion the Commission should have made. The court was given legislative powers, and it was held that in the circumstances it was proper, before resorting to the Circuit Court of the United States, to make sure that the officials of the State would try to establish an unconstitutional rule. But it was laid down expressly that at the judicial stage the railroads had a right to resort to the courts of the United States at once. p. 228. Therefore before that case can apply it must be established at least that legislative powers are conferred upon the Supreme Court of the State of Vermont.

The appeal in Vermont is given by statute, not by the Constitution, which separates legislative, executive and judicial powers. c. 2, § 6. The material provisions are as follows: § 4599. "Any party to a cause who feels himself aggrieved by the final order, judgment or decree of said board shall have the right to take the cause to the supreme court by appeal, for the correction of any errors excepted to in its proceedings, or in the form or substance of its orders, judgments and decrees, on the facts found and reported by said board." By § 4600 appeals are to be taken in the manner and under the laws and rules of procedure that govern appeals from the court of chancery. "The Supreme Court shall have the same power therein as it has over appeals from such court. It may reverse or affirm the judgments, orders or decrees of said board,

and may remand a cause to said board with such mandates as law or equity shall require; and said board shall enter judgment, order or decree in accordance with such mandates."˙ Pub. Stats. 1906. It is apparent on the face of these sections that they do not attempt to confer legislative powers upon the court. They only provide an alternative and more expeditious way of doing what might be done by a bill in equity. Whether the alternative is exclusive or concurrent, whether it opens matters that would not be open upon a bill or not, if exceptions are taken (which does not appear in this case), is immaterial; the remedy in any event is purely judicial: to exonerate the appellant from an order that exceeds the law. This, we understand, is the view taken by the Supreme Court of the State, *Bacon* v. *Boston & Maine R. R.*, 83 Vermont, 421, 457; *Sabre* v. *Rutland R. R. Co.*, 86 Vermont, 347, 368, 369, and this being so, by the rule laid down in *Prentis* v. *Atlantic Coast Line Co.*, the railroad company was free to assert its rights in the District Court of the United States.

*Decree affirmed.*