## UNITED STATES SMELTING, REFINING & MINING CO. v. EVANS.*

Circuit Court of Appeals, Eighth Circuit.
October 7, 1929.

No. 8216.

William Story, Jr., of Salt Lake City, Utah (Benjamin S. Crow, of Los Angeles, Cal., and Hamilton Gardner, of Salt Lake City, Utah, on the brief), for appellant.

J. Robert Robinson, of Provo, Utah, for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

COTTERAL, Circuit Judge. The appellant, plaintiff in the District Court, filed an amended bill against the appellee to obtain a decree enjoining the enforcement by him of an award of compensation by the Utah Industrial Commission. On motion of the defendant the bill was dismissed; and this appeal challenges that decree.

The bill alleges that the plaintiff was incorporated in and a citizen of Maine and the defendant was a citizen of Utah, and that the amount in controversy exceeded $3,000, exclusive of interest and costs. The proceedings of the commission are set out

*Rehearing denied January 6, 1930.

at length, including the findings made, as well as the decision and award, and it was complained that the latter were contrary to and without authority of law, in excess of the jurisdiction of the commission, and would, if enforced, deprive the plaintiff of its property without due process of law; that plaintiff filed a petition for rehearing with the commission and it was denied; and that the plaintiff is without adequate remedy except by injunction, as prayed.

We note those proceedings as detailed in the bill. The appellee applied to the commission for compensation on account of an injury to his eyes while employed in appellant's mill. After a hearing, at which the parties appeared and filed an agreed statement of facts, the commission made a finding of those facts and rendered a decision, allowing appellee compensation for permanent and total disability. Added to this were necessary hospital and surgical charges, which have been paid. It was agreed and it was found as an ultimate fact that he had permanently lost the sight of his left eye, that without the aid of glasses he had less than 10 per cent. of vision in his right eye, but with glasses his distant vision in that eye was limited and his near vision was normal, enabling him to read the finest print. The commission concluded that as a result of the injury he was "permanently industrially blind" in both eyes, and hence, permanently and totally disabled, as defined in section 3139 of the State Industrial Act (Comp. Laws Utah 1917, §§ 3061–3165), and awarded compensation therefor.

It is sufficient to state, without noticing the statutory schedule, that it allows and there was awarded in this case a greater rate of compensation than is authorized for a partial disability.

The act also provides the award of the commission is subject to certiorari or review in the state Supreme Court applied for within 30 days after an adverse decision or denial of petition for rehearing solely upon the certified proceedings and evidence before the commission, the scope of the review being to determine whether (1) the commission acted without or in excess of its powers; (2) the findings support the award. It is further provided by the act that the findings and conclusions of the commission on questions of fact shall be conclusive and final and the court shall enter judgment, either affirming or setting aside the award, that the state Code of Civil Procedure is applicable, but only the Supreme Court shall have jurisdiction to review, reverse, or annul

any award or to sustain or delay the operation or execution thereof. Provision is also made for docketing an abstract of the award in the District Court and the collection thereof by execution as upon a judgment.

The grounds of the motion to dismiss the bill were: (1) The court had no jurisdiction of the subject-matter or of the defendant. (2) The suit is against the state, in violation of the Eleventh Amendment. (3) Want of equity. (4) Existence of a plain, speedy, and adequate remedy at law. (5) The suit is contrary to the laws of Utah. (6) It is a proceeding for review of the findings of the commission without any statutory jurisdiction therefor. (7) The suit is violative of section 720 of the Revised Statutes of the United States. (8) No jurisdiction exists in this court to award relief to plaintiff, as the defendant is not authorized to enforce an order of the commission.

■ We may assume, and it is our opinion, from the cases cited that if the case before the commission might be reviewed on the merits in the federal courts, appellee, having only a partial loss of vision which was subject to correction by the use of glasses, did not sustain a total disability. See 40 C. J. 98; Cline v. Studebaker Corp., 189 Mich. 514, 155 N. W. 519, L. R. A. 1916C, 1139. The test of such disability is whether it prevents the employee from doing work for which he is adapted, and not that in which he was injured. Rockwell v. Lewis, 168 App. Div. 674, 154 N. Y. S. 893. Our inquiry, however, is whether the award of the commission was illegal in that it was beyond its jurisdiction and if enforced will constitute a taking of appellant's property without due process of law.

■■ We may notice at this point some objections to the suit in respect of procedure. One is that it is violative of section 379, title 28, U. S. Code, 28 USCA § 379 (section 720, Rev. St.), forbidding a stay of proceedings in a state court. The section is inapplicable, as the commission is not a court. Industrial Commission v. Evans, 52 Utah, 394, 174 P. 825, 832; Continental Casualty Co. v. Industrial Commission, 61 Utah, 16, 210 P. 127. Besides the commission is not a party. Also, the suit is not premature, as was the case in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150. There the legislative rates had not been brought to a finality by appeal. Here the award of the commission was final, and, if the appellant has any cause of action at all, the judicial stage was reached. Bacon v. Rutland R. Co., 232 U. S. 134, 34 S. Ct.

283, 58 L. Ed. 538. And appellant had no other remedy except by injunction to prevent the collection of the award.

Conceding these propositions, did appellant have a right in equity to have the award set aside by the District Court? If so, on what ground? Are the contentions sound the commission as alleged acted illegally and beyond its jurisdiction and the collection of the award would take appellant's property without due process of law?

■ The commission undoubtedly had exclusive jurisdiction under the Industrial Act to entertain, hear, and decide the complaint of appellee, and the act was valid legislation. Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532. The hearing was had on notice and appearance of the parties, conformably to the state law. In these respects there was due process of law.

■■ In ascertaining the powers of the commission, we are bound by the decisions of the state courts which interpret them. Supreme Lodge v. Meyer, 265 U. S. 30, 44 S. Ct. 432, 68 L. Ed. 885. The commission is an administrative body, and the Supreme Court of the state will review the record of the cases at least to determine whether its findings are supported by the evidence. Utah Copper Co. v. Industrial Commission, 57 Utah, 118, 193 P. 24, 13 A. L. R. 1367; Continental Casualty Co. v. Industrial Commission, 61 Utah, 16, 210 P. 127, 128. In the latter case, it is said that "Some of its acts, in fact many of its acts, are quasi judicial, but it is in no sense a judicial body. * ⁑ ⁕ " In Industrial Commission of Utah v. Evans, supra, the powers of the commission were considered, and it appears that several of its functions partake of a judicial character. In that case, after quoting from a decision of the Illinois Supreme Court to the effect that a court review may not be denied to the extent of determining whether a board had acted illegally or without jurisdiction, it was held: "The term 'illegally' does not refer to a mere error of judgment in a matter where jurisdiction is clear, but it refers to an act not sanctioned by law in any event."

■ The commission had the power and the duty to decide the controversy between the parties to this suit, and in doing that to apply the law to the stipulated facts. They were held to make out a case of permanent and total disability. The ruling was upon a matter of law, and it is supported by some authority, although, as we have said, not in our opinion by the weight of authority. This was a plain exercise of its jurisdiction, not an action beyond or outside of it. The award was clearly within the scope of the power of the commission.

The jurisdiction of the District Court rests primarily on the diverse citizenship of the parties and the requisite amount in dispute. It had jurisdiction to inquire into the complaint made of the commission's action. But whether a cause of action was alleged in equity was a different matter. We feel clear it was not, otherwise awards of this commission may be constantly involved in litigation over mere errors of an administrative character, where no real contest appears as to its fundamental authority to dispose of the claims of the parties. Certainly, we must conclude the commission in this case acted although mistakenly yet legally and within but not beyond its jurisdiction.

Counsel for appellant cites many cases where the federal courts have enjoined administrative or legislative commissions from enforcing orders that are unreasonable in respect of regulation or requirements, or such as fix rates for public utilities that do not permit a fair return on capital, and therefore effectuate a taking of property without due process of law. But those decisions are inapplicable. There is no such contention or controversy in this case. No authority is pointed out to sustain a complaint in equity predicated on a mere error of an administrative tribunal, when acting within the bounds of its jurisdiction, and when the most that can be said of its action is it erroneously exercised its jurisdiction.

The appellant had to abide this award, or choose to obtain a review in the state Supreme Court. Having waived that remedy, it is not entitled to collaterally invoke the equity powers of a federal court for relief. The bill was properly dismissed by the District Court for want of equity; and its decree is accordingly affirmed.