## HALL v. NAGEL.
### No. 11534.

Circuit Court of Appeals, Fifth Circuit.

April 24, 1946.

Rehearing Denied May 20, 1946.

A. P. Tureaud, of New Orleans, La., Thurgood Marshall, of New York City, and Joseph A. Thornton, of New Orleans, La., for appellant.

E. Wayles Browne and Frank J. Looney, both of Shreveport, La., and Jno. E. Fleury, of Gretna, La., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This case was argued and submitted with Mitchell v. Wright, 5 Cir., 154 F.2d 924, and is governed by the principles therein announced. It is slightly different on the facts in certain details, but these differences are not sufficient to affect the result. One difference is that when appellant presented himself for registration the appellee refused to give him an application form to test his ability to read and write, and to permit him to furnish under oath the facts necessary to show that he was entitled to register as a qualified voter.

Instead, appellee took appellant aside and questioned him as follows:

"Q. What judicial district do you live in? A. Twenty-Fourth.

"Q. What congressional district? A. Second.

"Q. What senatorial district? A. I don't know."

Not being satisfied with the last answer, appellee refused to register the appellant. The court below dismissed this action on motion of the appellee presumably for the reasons stated therein. Appellee relies upon Trudeau v. Barnes, 5 Cir., 65 F.2d 563, to support his argument that the appellant should have exhausted his administrative remedy before filing this suit; but, in view of the later decision in Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281, that case is not now controlling.

The Constitution of Louisiana, Article 8, Section 5, provides the following redress for any applicant who is refused registration: "Any person possessing the qualifications for voting prescribed by this Constitution, who may be denied registration, shall have the right to apply for relief to the district court having jurisdiction of civil causes for the parish in which he offers to register. Said court shall then try the cause, giving it preference over all other cases, before a jury of twelve, nine of whom must concur to render a verdict.

This verdict shall be a final determination of the cause. The trial court may, however, grant one new trial by jury. In no cases shall any appeal lie or any other court exercise the right of review."

What was said about the Oklahoma statute in Lane v. Wilson, supra, and what we have this day stated about the Alabama statute in Mitchell v. Wright, is applicable to the statute above quoted. The remedy provided is not administrative but is of a judicial nature, and it is well settled that such a remedy in the state courts need not be exhausted before an action is maintainable in the federal courts.[1]

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

LEE, Circuit Judge (specially concurring).

I concur for the reasons given in the concurring opinion in Mitchell v. Wright et al., 5 Cir., 154 F.2d 924.

[1] Bacon v. Rutland R. Co., 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538; Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975; State Corporation Commission v. Wichita Gas Co., 290 U.S. 561, 54 S.Ct. 321, 78 L.Ed. 500.