**UNITED STATES of America,**
**Appellee,**
v.
**Bobby Gene PERDUE, Appellant.**
**No. 14077.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1970.

Decided May 11, 1970.

Norman B. Smith, Greensboro, N. C. (Smith & Patterson, Greensboro, N. C., on brief), for appellant.

Bruce B. Briggs, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Defendant's conviction for failing to submit to induction into the Armed Forces of the United States must be reversed.

When defendant registered with his local board he claimed to be a conscientious objector exempt from both combatant and noncombatant service in the Armed Forces. Initially classified I–A, he was reclassified I–A–O; and when he appealed the latter urging that he be classified I–O, he was returned to a I–A classification without explanation of the reason for the action. Our examination of the data defendant submitted in support of his claim satisfies us that defendant presented a prima facie case for classification in I–O.

Because of the local board's failure to disclose the basis for its action, defendant's conviction for failure to report pursuant to the classification of I–A cannot stand. United States v. Broyles, 423 F.2d 1299 (4 Cir. 1970); United States v. James, 417 F.2d 826 (4 Cir. 1969). In view of our conclusion that defendant is entitled to a judgment of acquittal, we need not consider his other assignments of error.

Reversed.

BOREMAN, Circuit Judge (concurring):

Although I dissented in United States v. Broyles, 423 F.2d 1299 (4 Cir. 1970), I feel compelled to follow the decision of the majority of this court and accept as the law of this circuit the rule established in *Broyles* that a local board must articulate its reasons for denying a conscientious objector classification to a registrant who has presented a prima facie case of entitlement to such classification. Since there was no such articulation in this case, *Broyles* dictates that the conviction be reversed.

However, even without the binding authority of the majority decision in *Broyles*, I would have no reason to disagree with the court's decision today that the registrant here made out a prima facie case of entitlement to the I–O classification and there is nothing in the registrant's file to provide a basis in fact for the local board's denial of the desired classification. The factors which prompted my dissent in *Broyles* simply are not present here.