**UNITED STATES of America, Appellee,**

v.

**Jonathan Lippman EDWARDS, Defendant, Appellant.**

**No. 71–1112.**

United States Court of Appeals, First Circuit.

Oct. 15, 1971.

50

———◆———

John G. S. Flym, Cambridge, Mass., for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from a conviction under 50 U.S.C. App. § 462 for refusal to submit to induction into the armed forces. In view of our finding that the procedures followed by appellant's local board deprived him of his opportunity for full administrative review, we hold the induction order invalid and reverse the conviction.

Appellant first registered with his local board on June 10, 1968. He was classified II–A because of his enrollment at Wentworth Institute. On January 12, 1970, following his withdrawal from Wentworth, appellant was reclassified I–A, and on January 19 was informed of his new classification, his right to a personal appearance, and his right to appeal. On the same date he was ordered to report for a physical examination on February 12, 1970.

Several days later appellant visited his local board and requested SSS Form No. 150, the "Special Form for Conscientious Objectors," which he submitted on February 4. On the basis of this form, the local board reopened appellant's classification at its February 10 meeting, but denied his request for I–O status. Notice of the board's action was mailed to appellant, and on February 27 he requested a personal appearance. This was scheduled for March 9, at which time the board inquired into the nature of his beliefs and his sincerity. The board decided there was insufficient reason for a change in appellant's classification, and on March 17 a notice of this decision and of his right to appeal to the State Appeal Board was sent to him. The local board at no time informed appellant of the reasons for its denial of his conscientious objector claim.

Upon receiving the March 17 notice, SSS Form No. 217, appellant immediately filed an administrative appeal but submitted no optional statement under 32 CFR § 1626.12. The Appeal Board, examining only what was on file with the local board, rejected his claim and retained the I–A classification. Thereafter the local board ordered appellant to report for induction on June 12, 1970. He reported but refused to take the symbolic step forward.

■ Appellant's primary contention on appeal is that his local board, having been presented with a *prima facie* claim for I–O classification, had an obligation to state its reasons for rejecting that claim. This rule has been explicitly

adopted by three circuit courts, United States v. Stetter, 445 F.2d 472 (5th Cir. 1971); United States v. Speicher, 439 F.2d 104 (3d Cir. 1971);[1] United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970), and implicitly by two others, Caverly v. United States, 429 F.2d 92 (8th Cir. 1970) and United States v. Haughton, 413 F.2d 736 (9th Cir. 1968).[2] The government contends that appellant presented no *prima facie* claim and that this court's holding in United States v. Curry, 410 F.2d 1297 (1st Cir. 1969) is controlling.

The threshold question is whether appellant's SSS Form No. 150 constituted a *prima facie* claim for conscientious objector status under 50 U.S.C. App. § 456 as construed in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) and United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L. Ed.2d 733 (1965). The significance of a *"prima facie"* claim in this situation is that it requires the local board to reopen a registrant's classification and allow him "a chance to be heard and an opportunity for an administrative appeal." Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 261 L.Ed.2d 362 (1970). The relevant standard for determining a *prima facie* claim, as stated in *Mulloy* is met:

> "Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification * * *." *Id.* at 416, 90 S.Ct. at 1771.

Appellant's brief responses to the questions posed in SSS Form No. 150 are set forth below in full:

> "I am fundamentally opposed to war and killing. I believe that man has the inherent intelligence and motivation to solve any problems with his fellow man. I believe that war is instigated by profiteers and militarists for their own greed and aggrandizment [sic]. These beliefs are based on my religious training and personal convictions.
>
> "I was brought up in the Jewish religion of my grandparents and parents, but the absence of real evidence of divine intervention in human affairs, and revelations of modern science have convinced our family that we are truly atheists; We do not believe in god, war, or killing. We believe human life is the result of an evolutionary process; that man has the ability to provide for himself without killing and can solve his problem without resort to barbaric warfare.
>
> "I hate the idea of war and my conscience will not allow me to do anything that contributes to military endeavors, whether directly or indirectly.
>
> "I have expressed my self on this subject many times among my friends around town and at school. In fact I feel compelled to do so because I believe that war is vicious and that military propaganda is a fraud. I can not remain silent when I see my friends being duped into useless war."

Applying the *Mulloy* standard to these allegations the appellant made out a *prima facie* case for reclassification.[3] He

---

1. *Speicher* specifically reserved the question of whether and when action by the Appeal Board might cure a local board's failure to state reasons.

2. In addition, two district courts within this circuit have recognized the rule. United States v. Anderson, 318 F.Supp. 1066 (D.N.H.1970); United States v. Prince, 310 F.Supp. 1161 (D.Me.1970). While the Second Circuit does not require disclosure of reasons prior to the administrative appeal, it has held that such disclosure is required prior to imposition of criminal sanctions. United States v. Lenhard, 437 F.2d 936 (2d Cir. 1970).

3. Without stating the standard relied upon, the district judge found that no *prima facie* claim for I-O classification had been established. We disagree with that finding.

stated "mental" facts, clearly nonfrivolous and new to the board, which would warrant I–O classification under *Welsh* and *Seeger*. While the brevity and conclusiveness of appellant's statements might be some evidence supporting a denial of the requested I–O classification, they do not detract from the *prima facie* nature of his claim. The same is true of the lateness of the claim. *Cf.* United States v. Stoppelman, 406 F.2d 127 (1st Cir.), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969).

While Edwards was thus clearly entitled to a reopening under *Mulloy* by virtue of his *prima facie* claim, we must still address the question whether that claim further entitled him to a statement of reasons when the local board denied him the requested classification. Our decision in United States v. Curry, *supra,* does not control this case. The registrant in that case did not present a *prima facie* claim for I–O status because it was obvious from his SSS Form No. 150 that he did not oppose all wars. As we said in *Curry*:

> "In this case we cannot conceive of appellant submitting to the Appeal Board any further clarification of his views on his opposition to war which would have been helpful to him, without at the same time negating his previous explanations given to the local board and at trial." *Id.* 410 F.2d at 1300.

Here, however, appellant having established a *prima facie* claim, it is easy to conceive of supplementary, consistent material that could have been submitted at his personal appearance under 32 CFR § 1624.2.[4] In addition, he could have submitted a statement on appeal indicating in what respect he believed the local board erred.[5] The local board's silence as to the basis for its rejection of appellant's claim renders the opportunity to submit such a statement no more than a stab in the dark. The absence of stated reasons denies a meaningful chance to be heard and an opportunity for a full administrative review. Due to the narrow scope of judicial review available to a registrant, this administrative review is "indispensible to the fair operation of the Selective Service System." Mulloy v. United States, *supra* 398 U.S. at 416, 90 S.Ct. at 1771.

Under pre-1967 Selective Service procedures, appeal from a local board's denial of a conscientious objector claim was followed by an FBI investigation and an advisory recommendation by the Department of Justice, with an opportunity for the registrant to reply to this recommendation. Holding that a registrant was entitled to a copy of the Department of Justice recommendation, the Supreme Court in Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L. Ed. 467 (1955) said:

> "Just as the right to a hearing means the right to a meaningful hearing, United States v. Nugent [346 U. S. 1, 73 S.Ct. 991, 97 L.Ed. 1417], *supra;* Simmons v. United States [348 U.S. 397, 99 L.Ed. 453], *supra,* so the right to file a statement before the Appeal Board includes the right to file a meaningful statement, one based on all the facts in the file and made with awareness of the recommendations and arguments to be countered." *Id.* at 415, 75 S.Ct. at 413.

---

4. For example, at the request of the district judge, appellant submitted thirty-one letters attesting to his beliefs and his sincerity.

5. Although no "new evidence" may be presented to the Appeal Board, under 32 CFR § 1626.12 a registrant
   "may attach to his appeal a statement specifying the matters in which he believes the local board erred, may direct attention to any information in the registrant's file which he believes the local board has failed to consider or to give sufficient weight, and may set out in full any information which was offered to the local board and which the local board failed or refused to include in the registrant's file."

Similarly, a meaningful statement under post-1967 procedures (32 CFR § 1626.12) requires that a registrant be apprised of the reasons why the local board denied his claim.[6] United States v. Speicher, *supra;* United States v. Stetter, *supra.*

The Court in *Gonzales, supra,* noted that its holding did not necessitate a full-blown trial for each appealing registrant. The only burden imposed was the mailing of a copy of the Department of Justice recommendation to the registrant and allowing for a written reply. The burden imposed by the rule adopted herein is neither difficult nor substantial.[7] The board's statement need not be long or detailed, nor need it set out precisely what a registrant must do in a personal appearance or appeal to bolster his claim. But the registrant must be informed of the reasons his claim was refused—whether and why his beliefs have been found to be insincere or not of such content as to entitle him to classification as a conscientious objector or to have been asserted too late.

Because of the local board's failure to inform the appellant why his claim was rejected, appellant's I–A classification and consequent order to report were invalid. In view of our decision, we do not reach the other issues raised by the appellant.

Reversed.

6. The right to consult with a government appeal agent prior to an administrative appeal is an inadequate substitute for disclosure of reasons by the local board. The appeal agent, as noted in SSS Form No. 217, is available for advice on procedural matters and is not himself apprised of the local board's reasons. Unable to make more than an educated guess as to the board's reasoning, his advice to the registrant on the substance of his personal appearance or appeal will be of little assistance in ensuring a "full administrative review."

7. We therefore reject the decision and reasoning of Gruca v. Secretary of Army, 436 F.2d 239 (D.C.Cir.), cert. denied, 401 U.S. 978, 91 S.Ct. 1207, 281 L.Ed.2d 328 (1971). *Gruca* represents the minority view on this issue. Although "distributed by the Board's failure to articulate in some detail the reasons for its decision," the court refused to impose a burden which it believed "an ordinary, conscientious draft board would be unable to carry." *Id.* at 244.