**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Guy Michael QUATTRUCCI, Defendant-Appellant.**

**No. 71-1239.**

United States Court of Appeals, First Circuit.

Heard Nov. 1, 1971.

Decided Jan. 26, 1972.

Harriett F. Hunt, Norridgewock, Me., by appointment of the Court, for appellant.

Peter Mills, U. S. Atty., and Bruce A. Lehman, Atty., Selective Service System, on brief, for appellee.

Before ALDRICH, Chief Judge, BREITENSTEIN, Senior Circuit Judge,* and COFFIN, Circuit Judge.

BREITENSTEIN, Circuit Judge.

On trial to the court without a jury, 329 F.Supp. 612, defendant-appellant was found guilty of failing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462.

Defendant registered with his Local Board on August 17, 1965. Except for two brief interruptions he was classified II–S until June 2, 1970. In December, 1969, he was ordered to report for physical examination. He failed to report and was sent a delinquency notice. In response to that notice, he wrote the Board and secured the submission of two letters concerning psychiatric treatment received in 1967.

On February 8, 1970, defendant sent the Board a letter in which he expressed certain personal philosophies, but did not claim conscientious objector status or request SSS Form 150 for conscientious objectors.

Pursuant to order, the defendant reported for physical examination on April 21. He was found acceptable. The examining doctor noted that he claimed unverified ailments "re: drug psychosis," and told him to present substantiating documentary evidence. At the defendant's request, the Board sent the aforementioned medical letters to the Armed Forces Examining and Entrance Station with a request for reevaluation of the defendant. They were marked "Reviewed and Considered" by the Chief Medical Officer and on May 1, the defendant was again found acceptable.

While the letters were being considered at the AFEES station, the defendant got in touch with the Board on several occasions to inquire about the reevaluation. He testified that on the last occasion he was told by the Board's clerical assistant that "the matter was now in the hands of the examiners and to return home and wait for their result because there was nothing the local board could do."

On June 2, the Board reclassified the defendant I–A. Neither the medical letters nor the defendant's February 8 letter were considered by the Board at that time. On the next day he was notified of his reclassification, his right to a personal appearance before the Local Board, and his right to appeal to the State Appeal Board. He did not request a personal appearance and did not take an appeal. He appeared for induction but refused to step forward.

The defendant attacks the induction order on the ground that he was not properly classified I–A. He argues that the Board failed to consider the medical letters and took no action on his CO claim. The trial court pointed out that the defendant was notified of his right to personal appearance before the Board and of appeal to the State Appeal Board and that he failed to do either. It held that he was barred from claiming improper classification because of his admitted failure to exhaust the available administrative remedies. We agree. United States v. Pringle, 1 Cir., 1971, 438 F.2d 1216, 1217, says that "[a] registrant cannot normally have a court finding that he was improperly classified unless he has pursued his administrative remedy on the issue."

McKart v. United States, 1969, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 is not in point. There, the issue was solely one of statutory interpretation, ibid. at 197–198, 89 S.Ct. 1657, and the Court distinguished it from factual findings and discretionary determinations. Ibid. at 198, n. 16, 89 S.Ct. 1657. We are not concerned with statutory interpretation, but rather with the facts of this case relating to medical and CO claims, and the exercise of Board discretion in the consideration of those facts.

In McGee v. United States, 1971, 402 U.S. 479, 489–490, 91 S.Ct. 1565, 1571, 29 L.Ed.2d 47, the Court said that fail-

---

* Of the Tenth Circuit, sitting by designation.

ure to exhaust "implicates decisively the policies served by the exhaustion requirement, especially the purpose of ensuring that the Selective Service System have full opportunity to 'make a factual record' and 'apply its expertise' in relation to a registrant's claims." The Selective Service System must be given an opportunity to correct its own mistakes. If the Board erred, the mistakes were merged into the I–A classification and on appeal within the Selective Service System the defendant could have raised the points on which he now relies.

Defendant argues that the exhaustion requirement does not apply because he did not deliberately bypass administrative remedies. Reliance is had on the alleged statement of the Board's clerical assistant that "the matter was in the hands of the examiners," and "there was nothing the local board could do." We recognize that there is an affirmative duty on the Board not to mislead and to give correct information and advice. *See* United States v. Fisher, 7 Cir., 1971, 442 F.2d 109, 114, and Powers v. Powers, 5 Cir., 1968, 400 F.2d 438, 441. The rule has no application here. The defendant admitted that he was advised of his administrative remedies. The court found that defendant's claim "that he was misled cannot be accepted." The transcript of the defendant's testimony at the trial supports the district court. In our opinion the exhaustion rule applies and bars judicial review.

■ Defendant's final argument is that the government exceeded its statutory authority by attempting to induct him for 24 months service. See 50 U.S C. App. § 454(b). The theory is that 10 U.S.C. § 3201 restricts Army active duty strength; that this limitation was suspended until July 1, 1971, by the Act of August 3, 1950, 64 Stat. 408; and that the government should have known at the time of the induction order that the retention of the defendant in service after July 1, 1971, would violate § 3201. The short answer is that § 454(b) provides for 24 months active service "unless sooner released, transferred, or dis-

charged * * *." The defendant could have been released from service if the congressional manpower limitations were exceeded. The noted limitations do not affect the validity of the induction order and provide no defense to criminal prosecution for failure to submit to induction.

Affirmed.