**UNITED STATES of America**

v.

**Glenn Dwight STOCKWELL.**

**Crim. No. 72–299.**

United States District Court,
D. Massachusetts.

March 7, 1973.

Supplementary Opinion March 8, 1973.

Robert B. Collings, Asst. U. S. Atty., for the United States.

Stephen Silverman, Springfield, Mass., for defendant.

## OPINION

FREEDMAN, District Judge.

### Findings of Fact

Glenn Dwight Stockwell, the defendant herein, registered with the Selective Service System on July 31, 1968 at Local Board No. 1 at Barnstable County, Massachusetts. After registration, the registrant was assigned to Local Board No. 78, Springfield, Massachusetts.

On September 6, 1968 the registrant completed the Classification Questionnaire (SSS Form 100). This form was received by Local Board No. 78 on September 19, 1968. In the form the registrant indicated that he was unmarried (Series III), unemployed (Series V), not a conscientious objector (Series VIII), to graduate from Ludlow High School in June 1969 (Series IX), and had no physical or mental condition which he thought might disqualify him from service (Series XI).

On November 20, 1968 the Local Board reviewed the file, and classified the registrant in Class I-S(H) until June 1969, which deferred him as a high school student until the expected date of graduation. Notice of Classification (SSS Form 110) was mailed to him on the next day.

On July 2, 1969 the Local Board requested that the registrant complete a Current Information Questionnaire (SSS Form 127), and the completed form was received at the Local Board on July 14, 1969. In that form the registrant indicated that he had graduated from high school in June 1969, and was enrolled at Holyoke Community College in a course which would result in a degree in June 1971. This was verified by a Student Certificate (SSS Form 109) dated September 12, 1969 in which the school certified the registrant's attendance.

Accordingly, on November 19, 1969 the Local Board reviewed the registrant's file, and classified him into Class II-S (full time college student) until June 1970. Notice of the classification action of the Board was mailed to the registrant on November 19, 1969.

On March 2, 1970 the Local Board received another Student Certificate (SSS Form 109) which certified that as of February 27, 1970, the registrant was not eligible to continue as a student at Holyoke Community College.

On March 17, 1970 the Local Board reviewed the registrant's file, and classified him in Class I-A (available for service). Notice of Classification (SSS Form 110) and Advice of Right to Personal Appearance or Appeal advised the registrant that he had thirty days to request an appearance before his Local Board and/or to appeal the decision of the Local Board to the Massachusetts State Appeal Board. The registrant requested neither a personal appearance nor an appeal of his I-A classification.

On April 20, 1970 the Local Board mailed the registrant an Order to Report for Armed Forces Physical Examination (SSS Form 223). The order directed him to report on May 22, 1970 at 7:00 A.M., and read, in pertinent part:

IF YOU HAVE ANY PHYSICAL OR MENTAL CONDITION WHICH, IN YOUR OPINION, MAY DISQUALIFY YOU FOR SERVICE, BRING A PHYSICIAN'S CERTIFICATE DESCRIBING THAT CONDITION, IF NOT ALREADY FURNISHED TO YOUR LOCAL BOARD.

The registrant had submitted no documentation regarding his physical condition to his Local Board, but on the date of his physical, he brought a letter to the Armed Forces Examining and Entrance Station from a medical doctor describing a mental condition.

The registrant was referred to an Army psychiatrist by the Examining Physician, and the Army psychiatrist found the registrant to be fit for duty, notwithstanding the medical doctor's let-

ter of May 20, 1970. Thus, on June 15, 1970 the registrant was certified to be fully acceptable for induction into the armed forces, and the Statement of Acceptability (DD Form 62) was mailed to him on July 9, 1970.

Evidently, the registrant had inquired of the Army regarding his acceptability, for the file indicates that on July 1, 1970 a Surgeon at the Army Recruiting Command wrote to the registrant as follows:

This is further reply to your inquiry regarding your medical qualification for service.

I have reviewed your complete medical records, including an appropriate consultation report by a specialist, and have determined that you are *medically qualified* under current medical fitness standards for induction into the Armed Forces. (Emphasis in original.)

The registrant never requested a medical deferment from his Local Board, nor did he ever present any medical evidence to his Local Board.

On July 10, 1970 the Local Board mailed an Order to Report for Induction (SSS Form 252) to the registrant ordering him to report for induction on August 18, 1970.

On August 17, 1970 the registrant requested the Special Form for Conscientious Objector (SSS Form 150), and the form was issued the same date. On August 17, 1970 the State Director for Selective Service postponed the registrant's induction, so that the Local Board could consider the registrant's claim, which had been filed after the induction order was mailed.

On September 4, 1970 the registrant was invited for a courtesy hearing before the Local Board on September 15, 1970. However, the meeting was cancelled due to the lack of a quorum.

The registrant filed the completed SSS Form 150 on September 22, 1970, and the application was reviewed by two members of the Board. However, a decision was again put off until a meeting could be held with a quorum present.

On November 24, 1970 the registrant ponement of induction was mailed in order for the full Local Board to consider the registrant's post-induction order claim for exemption as a conscientious objector.

On October 22, 1970 the Local Board reviewed the contents of the registrant's Selective Service file. The Board found that the "information did not warrant reopening of the registrant's classification," as the Local Board "found no change in the registrant's status resulting from circumstances over which the registrant had no control." On October 27, 1970 the Local Board wrote to the registrant advising him of the Board's decision, and directing him to report for induction on November 24, 1970.

On November 24, 1970 the registrant reported as ordered, was forwarded to the Armed Forces Examining and Entrance Station in Springfield, and refused to take the symbolic step forward signifying his induction into the armed forces. The registrant was then counselled as to the consequences of his actions, including the fact that he could be convicted of a felony and sentenced to imprisonment of up to five years, or a $10,000 fine, or both, if he persisted in refusing to submit to induction. The registrant was again given the opportunity to submit to induction, but he again refused to do so.

The defendant is charged with refusing to submit to induction into the Armed Forces in violation of Title 50, United States Code, Appendix Section 462(a). He waived his right to trial by jury and was tried before the Court. His defenses are that the Local Draft Board erred in not granting him a medical deferment, and in not at least reopening his claim for a medical deferment, thus depriving him of all administrative appeal rights, and that the Board also erred in failing to reopen his claim for a conscientious objector classification. The Court is of the opinion that

the procedures followed by the Local Draft Board were not defective and finds the defendant guilty.

### Refusal to Grant Medical Deferment

■ Defendant alleges that no basis is shown by the Local Board for the refusal to grant the defendant a medical deferment. The facts are clear that the defendant never requested a medical deferment from the Local Board nor presented any medical evidence to the Board. This Court therefore finds that the Board was clearly within its bounds in refusing defendant a medical deferment. United States v. Ford, 431 F.2d 1310 (1st Cir., 1970), is distinguished in the instant case and, in fact, United States v. King, 455 F.2d 345 (1st Cir., 1972), states clearly that the *Ford* decision doesn't signal an abandonment of common sense and relevancy and is more in point here. A simple letter from a doctor in contradiction to the Armed Forces Examining and Entrance Station's medical finding that the registrant is fit for duty does not require a *prima facie* claim for a medical deferment. United States v. King, *supra.* This Court finds, therefore, ample grounds for the Local Board's refusal to grant a medical deferment.

### Refusal to Reopen

The second procedural defect alleged involves the Local Board's refusal to reopen his classification to consider his claim for a medical deferment. On the date of defendant's physical examination, he brought a letter to the Armed Forces Examining and Entrance Station from a medical doctor describing a mental condition. A military psychiatrist conducted another examination and found the registrant fit for duty, notwithstanding the medical doctor's letter. The registrant evidently requested the Army review his acceptability because a later letter from a surgeon at the Army Recruiting Command was sent saying that on review he was found to be medically qualified for induction into the Armed Forces. Again, the registrant never requested a medical deferment or presented any medical evidence to the Local Board.

■■ The Selective Service System Regulations provide that a registrant's classification is not permanent. 32 C.F.R. § 1625.1(a). If a registrant desires a change, the proper procedure is to petition the Local Board to reopen his classification. *Id.* at § 1625.1(a). The regulations grant the Local Board wide discretion in determining whether or not to reopen. *Id.* at § 1625.2, § 1625.4. Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (1970), qualifies the Board's discretion as follows: "Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file."

■ The Court finds that this case follows within the qualifying language contained in the *Mulloy* quotation. The little evidence in the letter from the civilian doctor to support defendant's claim was conclusively refuted by the report of the military psychiatrist and the reviewing military officer. Under these circumstances, it was not improper for the Local Board to refuse to reopen defendant's classification. United States v. King, 455 F.2d 345 (1st Cir., 1972), makes it clear that defendant did not present a *prima facie* claim for a medical deferment.

### Refusal to Reopen for a Conscientious Objector Deferment

■ Defendant next argues that the failure of the Local Board to reopen his classification and consider his claim for a conscientious objector classification invalidates the induction order. It is well settled that before a local board is obli-

gated to present its reasons for denying an applicant's claim for conscientious objector classification, the applicant must present a *prima facie* case. United States v. Edwards, 450 F.2d 49 (1st Cir., 1971). In the absence of a *prima facie* case, the defendant cannot be prejudiced by the alleged procedural defect. United States v. Curry, 410 F.2d 1297 (1st Cir., 1969). The fact that defendant did not ask for a conscientious objector form until August 17, 1970, although the order to report for induction had been mailed on July 10, 1970 and the request for the conscientious objector form came the day before he was originally ordered to report for induction, August 18, 1970, goes a long way towards determining the lack of a *prima facie* case in this instance. The Board, however, did postpone the induction notice and did grant a courtesy hearing. The conscientious objector application was reviewed by two members on September 22, 1970, lacking a quorum on that date, and the full Board, on October 22, 1970, reviewed the defendant's file and "found no change in his status resulting from circumstances over which the registrant had no control." This case is placed squarely within Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), which makes it clear that it would be unreasonable to expect a local board to reopen a classification and pass on conscientious objector claim received after induction notice, but before induction. The Court went on to say that such a claim's validity could be determined while in service with the registrant not having to perform combatant training or service pending such disposition.

■ This Court finds the Local Board did grant a reason for not reopen-

ing defendant's classification in stating that the "information did not warrant reopening of the registrant's classification," as it "found no change in the registrant's status resulting from circumstances over which he had no control." United States v. Camara, 451 F.2d 1122 (1st Cir., 1971). The Court further finds that the Local Board's failure for reopening defendant's classification was perfectly proper under the law.

■■ The Court further finds that defendant possessed the specific intent to constitute a criminal violation. The essential elements of intent are "knowledge of the requirements of the law and deliberate non-compliance." United States v. Jacques, 463 F.2d 653 (1st Cir., 1972). The government need only show that defendant "intentionally refused to comply with an order . . . to submit to induction." United States v. Sisson, 294 F.Supp. 515 (D. Mass., 1968). Here it is clear from the evidence that defendant was aware of his legal obligation and had a deliberate purpose not to comply. This is sufficient to constitute the elements of intent.

The Court, therefore, finds sufficient evidence to judge the defendant guilty as charged in the indictment.

### SUPPLEMENTARY OPINION

It has come to the Court's attention that, on the issue of the local board's failure to reopen classification to consider a claim of a conscientious objector classification, the case of Nelloms v. United States, 399 F.2d 295 (5th Cir., 1968), is directly in point in that the Court found no merit in the claim that he was denied procedural due process by the board.