**UNITED STATES of America**
**v.**
**William Michael SWEET.**
**Crim. No. 72–427–M.**

United States District Court,
D. Massachusetts.
Feb. 12, 1974.

See also D.C., 359 F.Supp. 114.

James N. Gabriel, U. S. Atty., Robert B. Collings, Asst. U. S. Atty., for Government.

Michael B. Keating, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## OPINION AND ORDER

ALDRICH, Senior Circuit Judge.

Sweet was indicted, tried, and found guilty by a jury of failing to report for induction in violation of 50 U.S.C. App. § 462. He preserved his right to make this post-verdict motion for a directed acquittal.* Reviewing the evidence, it showed defendant registered for the draft and was given the usual questionnaire (SSS Form 100). He signed the special statement that he was a conscientious objector, requesting Form 150, and, in addition, filled the final, blank, page of the questionnaire entitled "Remarks," with an account of his views. I assume in his favor that the first part, had it stopped there, would have been a sufficient prima facie claim. By one interpretation, the second half spoiled it; by another it did not; by a third it would reduce him from a full conscientious objector (I–O) to one conscientiously opposed to combatant military duty (I–A–O). Reading the statement as a whole, it could be fairly said that all interpretations were reasonable, and that the most reasonable was the last.

Thereafter defendant was sent, and received, SSS Form 150, but did not return it. The draft board, in due course, without offering defendant a hearing, reviewed the file and classified him I–A. Defendant was sent a notification of this fact, together with a copy of Form 217. This advised him of his right to a personal appearance before his local board, and of his right to appeal. It also informed him of the availability of an appeal agent, giving name and telephone number, "to advise you concerning your right to a personal appearance, your right of appeal, or any other procedural right or process . . . at no charge." Defendant took no action.

Subsequently defendant was notified to report for a physical examination. To this he responded, and passed. Thereafter he was summoned to report for induction, but to this he did not respond. At the trial he took the stand, testifying that he dropped out of high school in his senior year; that he was regularly employed; that he received various notifications and chose to do nothing, and that when he failed to report he knew he was "violating the laws of the United States." It is conceded that the only communication between the board and defendant was the mailing of Form 150 and the notification of classification and the copy of Form 217. On this record defendant contends that the board was fatally remiss.

■■ It was not, of course, improper for defendant to submit his views on the questionnaire as distinguished from formally completing Form 150. In the absence of a notification that Form 150 was obligatory a registrant might believe, indeed, might more reasonably believe, that the form was merely an opportunity to furnish further information if he wished to. I agree with defendant that his failure to return Form 150 was not a waiver if what he had already furnished was a prima facie claim. *Cf.* United States v. Turner, 3 Cir., 1970, 421 F.2d 1251; 32 C.F.R. § 1622.1; Local Board Memorandum No. 41, as then in force. I might go further and, in keeping with the Selective Service's obligation to be fair, conclude, if it were determinative of the case, that where by one reasonable interpretation a claim is a prima facie one, the board has an obligation either to construe it as prima facie, or to invite the registrant's attention to the fact that it is confused by an apparent ambiguity, or, at the least, to state its reasons for rejecting in the same way that it is obliged to state reasons for rejecting a plainly prima facie claim. *Cf.* United States v. Edwards, 1 Cir., 1971, 450 F.2d 49. I need not decide this, however, because defendant faces a fatal difficulty; his failure to take any steps to secure administrative review of the decision after receiving a rejection accompanied by full instruc-

---

* Defendant took no exceptions at the trial. He did preserve his rights to the denial of a pretrial motion to dismiss, not dealt with in this opinion.

tions on how to do so, including a very simple maneuver for obtaining assistance.

■ There is no constitutional right in a conscientious objector to avoid service; it is merely a privilege Congress chose to extend to registrants meeting its criteria. Under these circumstances, however much he may dislike the system, a registrant must exercise some modicum of self-help. Appeal boards exist to correct mistakes. It is one thing to afford relief by way of a defense to an induction order when the draft board's lack of articulation may have prejudiced his appeal, *see* United States v. Edwards, ante, 450 F.2d at 52; or if its mistake resulted in a reasonable, but erroneous, inference that the board had not yet acted on his claim, *see* United States v. Newmann, 8 Cir., 1973, 478 F. 2d 829. But the entire purpose of administrative review would be frustrated if a registrant could simply bypass it, as defendant now contends, whenever a lower echelon errs. There is no assurance that a personal appearance, or an appeal, would not have prompted the local board itself, or the appeal board, to correct the local board's error. It would be entirely disruptive, for no adequate reason, to hold that a registrant could turn his back on the very procedures Congress established to correct mistakes to protect both him and others, as well as the orderly process of recruitment. *Cf.* McGee v. United States, 1971, 402 U.S. 479, 485, 91 S.Ct. 1565, 29 L.Ed.2d 47; United States v. Quattrucci, 1 Cir., 1972, 454 F.2d 58, cert. denied 406 U.S. 960, 92 S.Ct. 2071, 32 L.Ed.2d 347, reh. denied 409 U.S. 900, 93 S.Ct. 187, 34 L.Ed.2d 160; United States v. Powers, 1 Cir., 1969, 413 F. 2d 834, cert. denied 396 U.S. 923, 90 S. Ct. 256, 24 L.Ed.2d 205; Dunn v. United States, 1 Cir., 1967, 383 F.2d 357, cert. denied 390 U.S. 982, 88 S.Ct. 1103, 19 L.Ed.2d 1280. For a well-articulated statement see Judge Friendly in *McGee*, below, 2 Cir., 1970, 426 F.2d 691, at 700.

Finally, I cannot refrain from pointing out to persons who commend themselves and their motives for not cooperating with Selective Service procedures, that they thereby oblige someone else to respond in their place with no assurance that the need for doing so was bona fide. This, to me, is not consistent with the "understanding of my fellow men and our problems" professed by this defendant, and doubtless others like him. This, of course, is not the basis of my decision.

The motion for acquittal n. o. v. is denied.