**UNITED STATES of America, Appellee,**

v.

**William Edward HAYES, Jr., Defendant, Appellant.**

**No. 74–1027.**

United States Court of Appeals, First Circuit.

Submitted March 7, 1974.

Decided March 29, 1974.

Rehearing Denied April 25, 1974.

Michael J. Haroz, Lawrence E. Katz, and Haroz, Katz, Rockwell, Sager, & Englander, Cambridge, Mass., on brief for appellant.

James N. Gabriel, U. S. Atty., and Henry Hammond, Asst. U. S. Atty., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellant Hayes, after being granted several continuances to allow him, if he would, to complete other alternative civilian assignments, was convicted of having wilfully failed to complete the alternative civilian service to which his local board originally had assigned him. See 50 U.S.C.App. §§ 456(j), 462. He appeals on the ground that his 1–0 (conscientious objector) classification and the board's order thereunder to perform alternative service were invalid because of irregularities in the board's earlier withdrawal of a 2–A (occupational deferment) classification.

On February 15, 1968, at his employer's request, Hayes was granted for a period of three months a 2–A deferment. He was working as a sheet metal fabricator for a small firm that did local welding repair work; he had less than a year's experience at the trade. In April the local board notified the employer that the deferment would soon expire, and that if further deferment were to be sought the details of Hayes' present duties would have to be furnished. The employer responded, notifying the board of his continuing interest in Hayes' deferment and describing, generally, in several sentences, the nature of Hayes duties, none of which, on their face, would appear to be particularly essential. See 32 C.F.R. § 1622.22(a) (1968).

The board voted to reclassify Hayes 1–A, and notified him of the change and of his rights to a personal appearance and an appeal. Stating that it would be "very difficult" to replace Hayes, his employer wrote a further letter to the board and appealed the reclassification. Hayes himself neither appealed nor requested an appearance. The board, treating the new information from the

employer as a request for a reopening, declined to reopen; it forwarded the file to the appeal board, which upheld the 1–A classification but, like the local board, without stating reasons.

Thereafter Hayes was reclassified 1–Y (medically unfit) following a physical; 1–A following a further physical; and 1–0, upon his request for CO status. He was assigned to work for 24 months at a Boston hospital, in a position he obtained himself. He commenced work but after several months quit without the approval or knowledge of the Selective Service System.

Hayes asserts that he, or rather his employer, made out a prima facie case for the 2–A occupational deferment, and that the board could not reject it without a basis in fact, said to be lacking here, and a statement of reasons. *See* Cale v. Volatile, 465 F.2d 1110 (3d Cir. 1972). *Cf.* United States v. Edwards, 450 F.2d 49 (1st Cir. 1971); Comment, Due Process in Selective Service Appeals, 39 U.Chi.L.Rev. 331, 357–58 (1972).

■ We do not pass upon this argument. We think that the subsequent reclassifications, each of which was legally entered and each of which could have been attacked administratively by Hayes, cured any defects inherent in the initial 1–A classification. *See* United States v. Jack, 451 F.2d 1272 (9th Cir. 1971); Evans v. United States, 252 F.2d 509 (9th Cir. 1958). Not only was Hayes notified, without response, of his right to a personal appearance and appeal at the times he was reclassified 1–Y and subsequently 1–A, but he himself took the step of requesting a 1–0 classification and participated in the selection of his civilian assignment and, indeed, embarked upon the job.

Had Hayes wished to preserve his claim to a 2–A classification, he could have pressed the matter at any time during these reclassifications, and it is particularly reasonable to expect him to have done so when the 1–Y was changed to 1–A. Certainly by the time he requested a 1–0 classification the board had no reason to suppose that Hayes maintained any interest in a 2–A.

■ Hayes has argued that even the 1–0 classification is invalid, because the board failed to comply with 32 C.F.R. § 1632.2, which requires it to place a registrant in the "lowest" classification for which he is eligible; he asserts that the board neglected to place him in the "lower" 2–A classification. But for the reasons indicated above we believe that the board would have been justified in believing that Hayes was no longer interested in the 2–A. Moreover, any claim that the 1–0 was invalid should have been presented to the Selective Service System by requesting a personal appearance or an appeal. In fact, no such claim was ever mentioned. This is a case where the by-pass of administrative procedures was prejudicial to the government. McGee v. United States, 402 U.S. 479, 483, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). *Cf.* McKart v. United States, 395 U.S. 185, 197, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). Had Hayes availed himself of the several opportunities to make clear to the board* his dissatisfaction, if any, with its disinclination to classify him 2–A, the board could have explored the matter in greater depth and either restored the classification or, perhaps more likely, provided the record and reasons now said to be lacking. We think the Selective Service System's ability to function would be seriously impaired, *McKart, supra* at 197, 89 S.Ct. 1657, were afterthoughts of this nature accepted as legally valid excuses.

Affirmed.

---

* Even after he commenced alternative service Hayes might have sought administrative review of his status under 32 C.F.R. §§ 1660.9, 1660.10. He might also have sought release by way of habeas corpus. He instead chose the maximally disruptive alternative of simply walking off the job.