**UNITED STATES of America, Appellee,**

**v.**

**William Michael SWEET, Defendant, Appellant.**

**No. 74–1095.**

United States Court of Appeals, First Circuit.

Argued June 3, 1974.

Decided June 25, 1974.

Michael B. Keating, Boston, Mass., with whom Foley, Hoag & Eliot, Boston, Mass., was on brief, for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant Sweet was convicted in a jury trial of failing to report for induction, in violation of 50 U.S.C. App. § 462 (1970). In this appeal he contends that the conviction was barred 1) by his local board's failure to state reasons for rejecting a conscientious-objector claim, and 2) by the trial court's refusal to al-

low as a defense the issue of legality of the Vietnam war.[1] We affirm.

The facts are uncontested. After registering for the draft on August 19, 1969, appellant received a classification questionnaire (SSS Form 100) from Local Board No. 167. He mailed the form back on September 16 and the board received it on September 18. In the form, appellant claimed conscientious-objector status by signing Series VIII.[2] Elsewhere on the form he stated reasons for doing so.[3] In response, the board then mailed to appellant a special form for conscientious-objector claims, SSS Form 150. Appellant received this form but never returned it, as was noted in his selective-service file. The board reviewed the file on April 24, 1970, and classified appellant 1–A. He received notice of the classification, plus a separate form advising him of his rights to a personal appearance before the board, to an appeal of the classification and to the assistance of a specified appeal agent. The 1–A notice did not, however, include an explicit rejection of the conscientious-objector claim. Appellant took no action after receiving the notice. Subsequently, he was ordered to report for a physical. He did so, passed, and a statement of acceptability was mailed to him on August 7, 1970. On January 6, 1971, the board ordered appellant to report for induction. He failed to do so and the instant prosecution followed.

Appellant first contends that by signing Series VIII on the initial classification questionnaire and including therewith his statement of reasons he established a prima facie claim for conscientious-objector status which the local board could not reject without at least providing a statement of reasons of its own. United States v. Edwards, 450 F. 2d 49 (1st Cir. 1971). The trial court never decided this issue. Instead, assuming *arguendo* the establishment of a prima facie claim,[4] the court held that appellant nevertheless was barred from challenging his indictment on that ground because, unlike the registrant in *Edwards*, he had failed to utilize any of the administrative appeal procedures

1. Two judges dealt with this case in the district court. Judge Wyzanski's pretrial opinion on the Vietnam war issue can be found at 359 F.Supp. 114 (D.Mass.1973). After Judge Wyzanski recused himself from further participation in the proceedings, Judge Aldrich of this court, sitting as a district judge, presided at trial. His post-trial opinion on the conscientious-objector issue can be found at 372 F.Supp. 72 (D.Mass.1974).

2. This portion of the printed form reads:
"I claim to be a conscientious objector by reason of my religious training and belief and therefore request the local board to furnish me a Special Form for Conscientious Objector (SSS Form 150)."

3. The appellant's statement read:
"My signing as a conscientious objector to the military commitments of the United States Armed Forces is a serious and meaningful step in my life. I do so sign because of my religious belief that God is the only Being who has the right to take the precious gift of life from another being. I do so sign because I feel as an American and as a human being it is my duty to try and correct wrong doings such as our commitments in Hell or Viet-Nam whichever. Being a conscientious objector, I would glad-ly and wholeheartedly serve in the Armed Forces of the United States to promote peace and goodwill in the world, and if called on to serve in Viet-Nam will go but only in the interests of peace. If called on to fight or 'protect' with arms against any human being wether [sic] in Viet-Nam or the Phillipines I will not do so. I understand the consequences and would serve ten years in jail rather than act as a puppet for our countries [sic] politicians."

4. The court said in pertinent part:
"I assume in his favor that the first part [*see* n. 3 *supra*] had it stopped there, would have been a sufficient prima facie claim. By one interpretation, the second half spoiled it; by another it did not; by a third it would reduce him from a full conscientious objector (I–O) to one conscientiously opposed to combatant military duty (I–A–O). Reading the statement as a whole, it could be fairly said that all interpretations were reasonable, and that the most reasonable was the last." 372 F.Supp. at 73.
It is clear from this excerpt that the court did not actually hold that a prima facie case was set out. At several points, appellant's argument appears to assume that such a holding was made.

available to him and thus provide the board an opportunity to correct the assumed error.

 As a general rule, the validity of a 1–A classification may not be challenged in a section 462 prosecution if the defendant has previously failed to utilize normal, available administrative remedies. *See* McGee v. United States, 402 U.S. 479, 483, 91 S.Ct. 1565, 29 L. Ed.2d 47 (1971). The rule is well founded in policy. As indicated by the trial court, it seeks to insure that selective service registrants will make use of the administrative remedies which are especially prepared to deal with complaints and contentions concerning the draft. *See* 372 F.Supp. at 74. The rule also helps prevent the scenario in which a registrant might detect a substantial procedural defect in his file, yet keep the knowledge to himself until the last possible moment, thereby hoping to escape both the induction process and any criminal prosecution. Of course, as a policy-oriented rule, the exhaustion requirement is not to be applied "blindly in every case." McKart v. United States, 395 U.S. 185, 201, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). But whether an exception will be recognized in any given case necessarily depends on the case's particular facts. McGee v. United States, *supra*, 402 U.S. at 485, 91 S.Ct. 1565. The inquiry is whether the policies underlying the exhaustion requirement will not be served because of the individual fact situation. *Id.*

 Here, we have a selective-service registrant whose only assertion of a conscientious-objector claim appeared in the initial communication with his board. After that, until his trial for refusing induction, it was as though he had not asserted the claim at all. Through the series of subsequent contacts with the board, including his 1–A classification and physical, appellant raised no objection and made no mention of conscientious-objector status. Certainly, he had ample opportunity to do so. In particular, he was expressly offered an administrative appeal and personal appearance following the 1–A classification. But as appellant acknowledged at trial, he simply chose to do nothing. In these circumstances, we have no reason to relax the exhaustion requirement. Appellant's complaint was the kind which could have been corrected through administrative appeal. His refusal to avail himself of the remedy was the only barrier. The cases cited by appellant as mandating an exception are all distinguishable on their facts. They involve situations where the registrants at least offered explanations for their respective failures to pursue administrative remedies. *See* United States v. Newmann, 478 F.2d 829 (8th Cir. 1973); United States v. Rabe, 466 F.2d 783 (7th Cir. 1972). The instant case is closer to *McGee* itself. *See also* United States v. Hayes, 493 F.2d 1279 (1st Cir. 1974).[5]

 Appellant's second contention, that he should have been permitted to challenge the section 462 prosecution on the ground that the Vietnam war was illegal, was rejected by this court in United States v. Jacques, 463 F.2d 653, 656–657 (1st Cir. 1972). We stand by that decision.

Affirmed.

---

5. The failure of the board to invite appellant in on its own for a personal interview about his claim, as proposed in a nonbinding local board memorandum in effect at the time, cannot be considered sufficient ground for an exception to the exhaustion requirement.

*See* United States v. Yapp, 5 Selec.Serv.L. Rep. 3403 (N.D.Cal.1972). We note that noncompliance with the memorandum did not prevent the Supreme Court from invoking the exhaustion requirement in *McGee*. *See* 402 U.S. at 490, n. 13, 91 S.Ct. 1565.