UNITED STATES of America, Appellee,

v.

Jesse Charles BRYANT, Defendant-Appellant.

No. 75–1363.

United States Court of Appeals, First Circuit.

Argued March 5, 1976.

Decided April 30, 1976.

Matthew H. Feinberg, Boston, Mass., by appointment of the court, for appellant.

Robert B. Collings, Asst. U. S. Atty., Boston, Mass., with whom James N. Gabriel, U. S. Atty., and Richard E. Bachman, First Asst. U. S. Atty., Chief, Crim. Div., Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

Defendant, Jesse Charles Bryant, appeals from his conviction for failing to report for induction into the armed services. His sole contention on appeal is that the district court's conclusion that the exhaustion of administrative remedies doctrine precluded him from raising the invalidity of his 1–A classification as a defense to the prosecution was erroneous. We affirm.

There is no dispute over the critical facts. After registering for the draft, defendant, who is a Jehovah's Witness, informed his draft board that he wished to apply for conscientious objector status. He received the Special Form for Conscientious Objectors (SSS Form 150), which he filled out and submitted to his local board. Shortly thereafter, on March 1, 1972, the local board wrote defendant and requested that he ask the two persons listed as references on his SSS Form 150 to submit letters on his behalf. Although defendant testified that he complied with this request, no letters were received by the local board. On March 28, 1972, the local board reviewed defendant's file and classified him 1–A. A week later, on April 4, the board wrote defendant to notify him of the classification and explained in the letter that the board had taken that action because no letters of reference had been received and because the information in his file was not sufficient to grant him a conscientious objector deferment. The letter also notified defendant of his right to appeal the decision and to a personal appearance. It is clear both from the letter and from the applicable regulations that defendant could have cured the defect in the record after appealing.

After receiving this letter, however, defendant neither made any effort to have his references submit letters nor exercised his right to appeal. Defendant testified that at this time he felt it was futile to pursue his claim. On May 23, after the 30 day period during which defendant could have taken an appeal had passed, the local board sent defendant his order to report for induction. Several days later, on June 2, defendant appeared in person at the local board and attempted to revive his claim and explain the reasons for his failure to have letters submitted. The board told him that there was nothing it could do since he had let his right to appeal lapse. Following the local board's suggestion, defendant then went to the state headquarters where an official reiterated what the local board had told him. On June 27, 1972, defendant refused to report for induction, and this prosecution followed.

Although the invocation of the exhaustion doctrine to deny this defendant judicial review of the validity of his 1–A classification may seem harsh, we agree with the district court's conclusion that the result is required by the purposes of the exhaustion doctrine. See *McKart v. United States*, 395 U.S. 185, 194–97, 89 S.Ct. 1657, 1662–1664, 23 L.Ed.2d 194, 203–205 (1969). Defendant's procedural default was not insubstantial. By refusing to avail himself of the opportunity to appeal and either arrange for the submission of reference letters or explain why he could not have them submitted, defendant denied the board the opportunity to make a complete factual record and to exercise its discretion on the basis thereof. See *McGee v. United States*, 402 U.S. 479, 484, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47, 53 (1971).

To permit all similarly situated registrants to obtain judicial review of their claims and thereby bypass the statutorily created administrative procedures would seriously impair the Selective Service System's ability to perform its function, a consideration which normally precludes a defendant from raising his substantive claim. *McGee v. United States*, supra at 484, 91 S.Ct. at 1568, 29 L.Ed.2d at 53; *McKart v. United States*, supra, 395 U.S. at 197, 89 S.Ct. at 1664, 23 L.Ed.2d at 205. Although defendant is a sympathetic figure, there are no special factors present that might conceivably call for relaxing this deeply embedded rule. Defendant was fully informed of the steps to be taken to preserve his claim, see *United States v. Sweet*, 499 F.2d 259 (1st Cir. 1974), and assuredly was not misled by the board into believing that further submissions would be futile. *Compare United States v. Rabe*, 466 F.2d 783 (7th Cir. 1972).

Although the local board perhaps had the discretion to relax its rules and reopen the matter on June 2, it plainly was not under an obligation to do so. The district court was correct in refusing to review defendant's classification either on the merits or on the ground that no substantive reasons were stated for rejecting the conscientious objector claim. See *United States v. Sweet*, supra at 262; *United States v. Quattrucci*, 329 F.Supp. 612, 615 (D.Me.1971), aff'd, 454 F.2d 58 (1st Cir.), cert. denied, 406 U.S. 960, 92 S.Ct. 2071, 32 L.Ed.2d 347 reh'g denied, 409 U.S. 900, 93 S.Ct. 187, 34 L.Ed.2d 160 (1972).

*Affirmed.*