Frederick J. **LUDLUM,** Petitioner-Appellant,

v.

Stanley **RESOR,** Secretary of the Army,

and

Robert A. Pearson, Acting Post Commander, United States Army Training Center, Fort Devens, Massachusetts, Respondents-Appellees.

No. 74–1275.

United States Court of Appeals, First Circuit.

Argued Nov. 5, 1974.

Decided Nov. 27, 1974.

M. Warren Browne, New York City, for petitioner-appellant.

Marshall D. Stein, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for respondents-appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from a dismissal of a petition for habeas corpus.

In November, 1968 petitioner was inducted into the Army and in February, 1969 he submitted an application for discharge as a conscientious objector. This application was rejected. A few days later petitioner went AWOL, returning only in May, 1971. Court martial proceedings were then instituted, but prior to the hearing petitioner, in accordance with approved Army practice, submitted an application for a "discharge for the good of the service" in lieu of trial. AR 635–200 (October 7, 1969). This application was accepted, the court martial proceeding was dismissed and petitioner received an undesirable discharge. Meanwhile, while his application was pending, petitioner filed the present habeas corpus petition.

Omitting a number of interim district court proceedings, the matter presently before us relates to the court's dismissal order of July 26, following an order entered on June 10, 1974. The government had moved to dismiss on the ground that petitioner had not exercised available administrative remedies, so that the court was without jurisdiction. The basis of the motion was petitioner's failure to apply to the Army Board for Correction of Military Records (ABCMR), 10 U.S.C. § 1552. The government amended its motion to concede the jurisdiction of the court but requested that petitioner nonetheless should be ordered to apply to the ABCMR prior to judicial consideration. The court granted the amended motion on June 10, stating that it had been given reason by the government to believe that if prompt application were made, the ABCMR could and would make a decision within 90 days. The court's order contained a provision that if petitioner did not make such application within 30 days the habeas corpus proceeding would be dis-

missed. Petitioner declined to make the application, and on July 26 the proceedings were dismissed.[1]

It is clear that there was no jurisdictional defect as alleged in the original motion in the light of United States Department of Justice Memo #652, October 23, 1969, the material portion of which is as follows:

"2. *Exhaustion of Military Administrative Remedies.* The decision of the Military will be deemed ripe for a judicial review upon the final action of the Adjutant General of the Army.

. . . Application to the Army . . . Board for the Correction of Military Records will remain an available procedure but will not be insisted upon by the government as a precondition to judicial review."

Because of the subsequent issuance of this Memorandum the government stipulated to a remand of the 9th Circuit decision in Craycroft v. Ferrall, 9 Cir., 1969, 408 F.2d 587, which had dismissed a habeas petition because of failure to apply to the ABCMR. *See* Parisi v. Davidson, 1972, 405 U.S. 34, 38, n. 3, 92 S. Ct. 815, 31 L.Ed.2d 17.[2] The government takes the position, however, that the district court could retain jurisdiction, and require such exhaustion as a matter of discretion.

 We think the district court action was within the meaning of Memorandum 652, and we hold that, in the appropriate situation, a district court may require a petitioner to take this step. In so doing we recognize the desirability of allowing an agency to police itself, both from the standpoint of the agency, and from the standpoint of unnecessary burdens upon the courts. *See* McGee v. United States, 1971, 402 U.S. 479, 483,

91 S.Ct. 1565, 29 L.Ed.2d 47; United States v. Sweet, 1 Cir., 1974, 499 F.2d 259. This discretion, however, is not to be lightly exercised, and there should be a substantial burden on the government. In the present case the district court was given reason to believe that a decision could be expected from the ABCMR even more expeditiously than from the court itself. Not essential, but also of some moment in its consideration, the court was given some reason to believe that a decision by the Army in petitioner's favor was a likely possibility.

We understand the desire of individuals who are dissatisfied with administrative rulings to move into another forum. In the broader aspect, however, it must be obvious that too many unnecessary applications for judicial relief may result in prompt relief for no one. In the present case three district judges have been obliged to give consideration to petitioner, and there have been 36 filings or actions requiring docket entries. Almost all of this activity occurred after petitioner's actual discharge from the Army, so that the only question involved was the correction of his record. From the standpoint of the public, this was clearly not a fair apportionment of judicial time.

The question remains as to our disposition. We approve of the action below. At the same time we do not believe that petitioner should be deprived of making application to the ABCMR merely because he declined to meet the time schedule set by the district court. If he does make application, and this application is rejected, he doubtless will seek judicial review. If we apply our own precepts, to require that he then institute an entirely new action would mean considerable wasted effort and a burden

---

1. It may be noted that the 90 days from June 10 expired before petitioner had even filed his brief in this court.

2. Petitioner contends that *Parisi* forbids the action ultimately taken here by the district court. This is a misreading. *Parisi* did not involve the ABCMR, which had already

ruled against *Parisi.* What the *Parisi* court held was that the district court could not properly wait until a pending court martial proceeding was disposed of, but it did so on the express ground that petitioner's conscientious objector claim would not be passed upon by the court martial, so that there was nothing for the district court to wait for.

on the court. We think a simpler result would be to reverse the court's order of July 26 dismissing the petition, and to remand for the entry of an order similar to the order of June 10, giving petitioner 30 more days to make his application to the ABCMR while the court retains jurisdiction. The order should likewise provide that if after 90 days from the filing of such an application the ABCMR takes no action, or takes unfavorable action, the district court will proceed to the merits.