**Annie Mary TIMMONS, Appellant,**

v.

**Robert C. ANDREWS et al., Appellees.**

**No. 75-1566.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1975.

Decided May 4, 1976.

J. Wesley Drawdy and William J. Nicholson, Columbia, S. C. (Drawdy & Nicholson, Columbia, S. C., on brief), for appellant.

Lawrence E. Fischer, Summerville, S. C. (Roy D. Bates, Columbia, S. C., on brief), for appellees.

Before BUTZNER, Circuit Judge, THOMSEN, Senior District Judge, and MERHIGE, District Judge.

BUTZNER, Circuit Judge:

Annie Mary Timmons, a Florida resident, appeals the dismissal of her suit against the Mayor, City Manager, and Housing Board of Adjustments and Appeals of the City of Columbia, South Carolina, on the grounds of abstention. Mrs. Timmons also assigns error to the district court's refusal to convene a three-judge court. We affirm the district court's decision that a single judge could decide the case, but we conclude that abstention was improper and vacate the order of dismissal.

City housing officials ordered demolition of Mrs. Timmons' buildings because they were unfit for habitation and she had not repaired them after having been directed to do so. Her complaint, resting on both diversity and federal question jurisdiction, charged that the Southern Standard Housing Code, which the city had adopted pursuant to a state enabling act, did not authorize the officials to destroy the property. The complaint also alleged that demolition would take Mrs. Timmons' property without compensation in violation of the state and federal constitutions.

The city officials filed a motion to dismiss the complaint, urging the court to abstain because the plaintiff had not exhausted her available state remedies. The basis for this motion was the availability of judicial review in the state courts of the housing officials' actions. The district court ruled that it found "merit in the defendants' position that it should abstain from deciding this issue and allow it to proceed through the courts of the State of South Carolina." The court, noting that the sixty-day period provided by state law for Mrs. Timmons to petition the state court for review had expired, said that it would be unfair to refuse jurisdiction unless she could sue in the state court. Accordingly, the court dismissed the complaint on condition that the city officials would allow Mrs. Timmons to file a petition in the state court.

There is no action pending in a state court having concurrent jurisdiction. The city officials do not suggest that the state law is unsettled or that resolution of the state law issues will dispose of the case without consideration of the federal questions. Therefore, the traditional grounds for abstention in civil actions, recently reviewed in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, (1976) 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, are not present. In the absence of such considerations, a federal court has no power to decline to decide a case that is properly before it, as this one concededly was. *See Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 403, 5 L.Ed. 257 (1821).

**586**

We also conclude that the district court should not have abstained to require Mrs. Timmons to exhaust her state judicial remedies. When, as here, a state institutes administrative proceedings, a respondent must normally exhaust all administrative remedies before seeking an injunction in federal court. *See Gibson v. Berryhill*, 411 U.S. 564, 574, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (dictum); *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 229, 230, 29 S.Ct. 67, 53 L.Ed. 150 (1908). Mrs. Timmons has fully complied with this requirement by exhausting her administrative remedies. Having done so, she is not obliged to exhaust her judicial remedies by seeking review of the administrative proceedings in the state courts. *Bacon v. Rutland R. R.*, 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538 (1914); *see Gibson v. Berryhill, supra*, 411 U.S. at 574 n. 13, 93 S.Ct. 1689.

Since we hold that the court should not have abstained, we must reach Mrs. Timmons' claim that the district court erred in refusing to convene a three-judge court under 28 U.S.C. § 2281. That section provides that "[a]n interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute . . . shall not be granted . . . upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges . . . ." Mrs. Timmons seeks to enjoin the operation of a local ordinance. It is not necessary to convene a three-judge court in such circumstances, even though the ordinance was passed pursuant to a state enabling act. The Act did not require the city of Columbia to adopt the ordinance; it simply permitted it to do so. Mrs. Timmons finds the provisions of the ordinance, not the provisions of the enabling act, objectionable on constitutional grounds. *Cf. Ex Parte Collins*, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990 (1928).

The order of dismissal is reversed, and this case is remanded for further proceedings consistent with this opinion.