**Ronald L. JACOBSON, Plaintiff,**

v.

**DIRECTOR, BUREAU OF MEDIATION SERVICES, STATE OF MINNESOTA, Defendant.**

No. Civ. 3–80–634.

United States District Court, D. Minnesota, Third Division.

Feb. 6, 1981.

Ronald Leslie Jacobson, Rosemount, Minn., pro se.

Warren Spannaus, Atty. Gen., State of Minnesota, and William P. Donohue, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This action is before the court on defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. Defendant moves for a dismissal on grounds that plaintiff has failed to exhaust his administrative remedies and in the alternative that the complaint fails to state a claim upon which relief can be granted.

Defendant's motion for a dismissal is DENIED.

Plaintiff has filed a complaint which appears to challenge the constitutionality of an order of defendant as well as the constitutionality of the Minnesota Labor Relations Act, Minn.Stat. § 179.01 *et seq.* (1980). Plaintiff is a public employee employed as a research and development engineer by the Metropolitan Waste Control Commission. Employees of the Metropolitan Waste Control Commission are represented by the

American Federation of State, County and Municipal Employees (AFSCME) Council No. 91, Local No. 668. On July 29, 1980 AFSCME filed a petition with defendant requesting a clarification of an employee unit of the Metropolitan Waste Control Commission. At issue was whether 17 employees should be included in the bargaining unit represented by the AFSCME. The defendant, Director, is charged with the responsibility for determining appropriate bargaining units and exclusive representatives for public employees in Minnesota, Minn.Stat. § 179.71 subd. 2 (1980). All interested persons were provided an opportunity to present testimony and evidence at the hearing on the petition. On October 20, 1980 defendant issued an order finding that eight employees, including plaintiff, are included in the bargaining unit represented by the AFSCME, Council No. 91, Local 668.

Plaintiff appealed the Director's ruling to the Public Employment Relations Board (PERB). In that appeal plaintiff argued that the Director's order including plaintiff in the union has denied plaintiff his right of freedom of association and freedom of contract. Plaintiff filed this suit prior to the hearing on his appeal to the PERB. In this action plaintiff challenges the Director's order and the Minnesota Labor Relations Act on the same grounds as those alleged in his state administrative appeal.

The Minnesota Labor Relations Act, Minn.Stat. § 179.01 et seq. (1980) does not expressly require exhaustion of administrative remedies nor is there an applicable contractual provision requiring resort to a grievance procedure.

The court construes plaintiff's complaint to state a cause of action under 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1343.

*Exhaustion of Remedies*

■ It is well established that a person must exhaust his administrative remedies before petitioning a court for redress. *E.g. Myers v. Bethlehem Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). The doctrine applies to state administrative remedies as well, *see, Timmons v. Andrews*,

538 F.2d 584 (4th Cir. 1976), and may apply where the party challenges the constitutionality of the statute under which the agency operates even though the agency cannot pass on the constitutional issues. *Rosenthal & Company v. Bagley*, 581 F.2d 1258 (7th Cir. 1978).

Affording the agency an opportunity to apply its expertise, correct its errors and develop a record as well as assuring the agency sufficient independence of decision making and preventing the deliberate flouting of the administrative process make up the *raison d'être* of the exhaustion requirement. *See Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978). Where a constitutional claim is alleged the exhaustion doctrine "serves the additional purpose of furthering parsimony in judicial decision making," as a decision by the agency in favor of plaintiff moots the constitutional issues. *Cerro Metal Products v. Marshall*, 620 F.2d 964, 970 (3d Cir. 1980); *Babcock and Wilcox Co. v. Marshall*, 610 F.2d 1128, 1137 (3d Cir. 1979).

■ Where a statute requires exhaustion of administrative remedies, the doctrine is jurisdictional, *Cerro Metal Products v. Marshall*, 620 F.2d 964, 970 (3d Cir. 1980); *Montgomery v. Rumsfeld*, 572 F.2d 250, 252 (9th Cir. 1978), otherwise it is a flexible doctrine, *State of South Dakota v. Andrus*, 614 F.2d 1190, 1192 n.1 (8th Cir. 1980) which will be applied only where, on balance, the purposes served by the doctrine outweigh the interest of the party in obtaining immediate judicial review. *West v. Bergland*, 611 F.2d 710, 715 (8th Cir. 1979); *United States v. Newmann*, 478 F.2d 829, 831 (8th Cir. 1973). Absent a statutory exhaustion requirement, in those cases where the doctrine is applied, the court need not dismiss but may retain jurisdiction pending the outcome of the agency proceeding. *See, Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978); *Ludlum v. Resor*, 507 F.2d 398 (1st Cir. 1974); *Hayes v. Secretary of Defense*, 515 F.2d 668 (D.C.Cir.1975).

■ In this case the balance tips in favor of requiring exhaustion of the state administrative remedies. Plaintiff's interest in obtaining an immediate judicial review is

minimal. It appears that the only practical effect of the order is to require plaintiff to pay all or some portion of the union dues. There is no indication that plaintiff is required to attend meetings or otherwise endorse positions taken by the union. Requiring plaintiff to proceed with his state administrative remedies on the other hand would serve several of the purposes of the exhaustion requirement. It would prevent the deliberate, though in this case apparently unwitting, flouting of the administrative process. Plaintiff here chose to appeal the Director's decision even though the statute apparently does not mandate such an appeal. After thereby instituting the administrative process but before the agency was permitted to act plaintiff filed this suit which asks this court to interfere with the agency process. For this court to act now would undermine the autonomy of the agency. Finally, and very importantly, a ruling by the agency in favor of plaintiff would obviate the need to address the constitutional attack on the state statute and thereby permit this court to abide by the admonition against invalidating legislation on constitutional grounds when the controversy can be resolved on some other ground. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 346–47, 56 S.Ct. 466, 482, 80 L.Ed. 688 (1936) (Brandeis, J. concurring). That rule has particular force where a federal court is asked to review state legislation.

Though a § 1983 action is generally excepted from the exhaustion requirement because the remedy afforded by section 1983 is viewed as supplementary to state remedies, *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961) several circuits have applied the exhaustion rule, in limited circumstances, to actions under section 1983. *See, Toney v. Reagan,* 467 F.2d 953 (9th Cir. 1953) *cert. denied,* 409 U.S. 1130, 93 S.Ct. 951, 35 L.Ed.2d 263 (1973) (distinguishing between actions remedial in nature and those designed to forestall a deprivation of a constitutional right, requiring exhaustion in the latter case); *Fuentes v. Roher,* 519 F.2d 379, 386 (2d Cir. 1975) (requiring exhaustion in § 1983 actions at least where administrative remedy is ade-

quate). *But see, United States ex rel. Ricketts v. Lightcup,* 567 F.2d 1226, 1231 (3d Cir. 1977) (rejecting the Second Circuit view).

█ Because the scope of section 1983 is limited only by the imagination of counsel, much can be said for a rule which requires exhaustion, at least in some circumstances, in actions under the Civil Rights Act. Indeed, the Eighth Circuit's balancing approach appears to do away with the need for the per se exceptions approach which has developed over the years. The Eighth Circuit's balancing approach simply balances the purposes served by the exhaustion requirement against the litigant's need for immediate judicial review. Under that approach the fact that a claim is brought under 42 U.S.C. § 1983 is a factor rather than *the* determinative factor in determining whether the exhaustion doctrine should apply. The balancing approach presents a unified approach which requires the court, in making the exhaustion determination, to focus on the rationale for that doctrine rather than on a talismanic test.

For reasons set forth above, the court holds that plaintiff must exhaust his state administrative appeal before continuing the prosecution of this suit. Because the state agency cannot address the constitutional issues, should that be necessary, this court retains jurisdiction of the suit pending the outcome of the agency proceedings.